UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MILLER HENLEY, § | |
| Plaintiff, § | |
| v. § | No. 3:14-CV-2893-K (BF) |
| SELECT PORTFOLIO SERVICING, § | |
| INC., § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Select Portfolio Servicing, Inc.'s ("Defendant") Motion for Summary Judgment [D.E. 9]. For the following reasons, the undersigned recommends that the Court GRANT Defendant's Motion for Summary Judgment [D.E. 9].

**BACKGROUND**

On August 12, 2014, Miller Henley ("Plaintiff"), proceeding *pro se*, filed his Original Petition [D.E. 1-3] in the 95th Judicial District Court in Dallas, Texas alleging that Defendant wrongfully foreclosed on his property located at 5253 Bonita Ave., Dallas, TX 75206 (the "Property") after the statute of limitation lapsed. *See* Original Pet. [D.E. 1-3 at 2]. Plaintiff states that he fell behind on his mortgage payments around December 1, 2007 when Chase Bank, N.A. ("Chase") was servicing his mortgage. *See id.* [D.E. 1-3 at 2]. Plaintiff states that Chase accelerated the note and filed for foreclosure in the spring of 2008. *See id.* [D.E. 1-3 at 2]. However, Plaintiff states that the foreclosure never took place, because Plaintiff filed for bankruptcy in June of 2008, but that the bankruptcy was dismissed three months later. *See id.* [D.E. 1-3 at 2]. Plaintiff states that Defendant replaced Chase as the servicing company for his mortgage around March of 2014, and that Defendant filed for foreclosure and set an August 5, 2014 auction for the Property. *See id.* [D.E.

1-3 at 2]. Plaintiff contends that at the time of Defendant's foreclosure, over six years have passed since the 2008 acceleration of the note by Chase. *See id.* [D.E. 1-3 at 2]. Plaintiff argues that the 2008 acceleration was never rescinded and contends that a four year statute of limitation is applicable. *See id.* [D.E. 1-3 at 2]. Plaintiff seeks the following relief in his petition: "a. declaratory judgment to quiet the title to property; b. actual damages; c. civil penalties if available under law; d. court costs; and e. any other relief to which Plaintiff is entitled." *See id.* [D.E. 1-3 at 2].

On August 12, 2014, Defendant removed this action to federal court. *See* Notice of Removal [D.E. 1]. On April 10, 2015, Defendant filed a summary judgment motion arguing, among other things, that Defendant is entitled to summary judgment because: (1) this case is governed by a six-year limitations period, because Chase acquired the loan from the Federal Deposit Insurance Corporation ("FDIC"); (2) any acceleration prior to April of 2010 was rescinded, because Plaintiff made a payment in April of 2010 which Chase accepted and applied to his loan; and (3) Plaintiff's purported quiet title claim fails, because it is premised on his faulty claim that the statute of limitations precludes the foreclosure of the Property. *See* Def.'s Br. [D.E. 10 at 10-15]. Further, Defendant points out that this is the sixth lawsuit or bankruptcy filing by Plaintiff in an attempt to prevent the foreclosure of the Property. *See id.* [D.E. 10 at 5]. Defendant states that all of Plaintiff's prior lawsuits and bankruptcy filings have been abandoned or dismissed with prejudice. *See id.* [D.E. 10 at 5]. On October 15, 2015, Defendant filed its Notice of Plaintiff's Failure to Respond to Its Motion for Summary Judgment [D.E. 12]. In the notice, Defendant states that despite filing this lawsuit, Plaintiff has failed to appear for a Court mandated conference, failed to respond to discovery, and failed to respond to Defendant's summary judgment motion. *See* Notice [D.E. 12 at 1].

**STANDARD OF REVIEW**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution is outcome determinative." *Thompson v. Syntroleum Corp.*, 108 F. App'x 900, 902 (5th Cir. Sept. 3, 2004) (citing *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994)). "An issue is 'genuine' if the evidence is sufficient for a reasonable fact-finder to find in favor of the non-movant." *Id.* A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets his burden, the nonmovant must then point to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

While courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 to search the record for evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006);

3

*Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990)). Furthermore, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## ANALYSIS

Defendant argues that Plaintiff failed to meet his burden of proof as the party asserting the statute of limitations as a defense to a foreclosure action. *See* Def.'s Br. [D.E. 10 at 5].

> Under Texas law, "[l]imitation of actions is an affirmative defense that must be specifically pleaded and proved." . . . The party asserting the defense of statute of limitations bears the burden of proof on the issue. . . . In addition to establishing the applicability of the statute of limitations, the party must prove when the opponent's cause of action accrued in order to demonstrate the bar of limitations.

*Cont'l Cas. Co. v. Dr. Pepper Bottling Co.*, 416 F. Supp. 2d 497, 506 (N.D. Tex. 2006) (citing *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 211 (Tex. 1999); *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.-Houston [1st Dist.] 1984, no writ)). *Cf. First Lake Corp. v. Yilmaz*, No. 95-20599, 1996 WL 335505, at *1 (5th Cir. May 14, 1996) ("To establish his affirmative defense of the running of limitations, and thus to defeat the FDIC's summary judgment motion, Yilmaz had the burden to establish valid acceleration and its necessary precondition, default."). Defendant argues that the evidence conclusively proves that the applicable statute of limitations does not bar Defendant from proceeding with a foreclosure sale. *See* Def.'s Br. [D.E. 10 at 5].

Defendant argues that even if Plaintiff could establish an acceleration prior to April of 2010, such an acceleration was abandoned, because Chase accepted a payment from Plaintiff in April of

4

2010. *See id.* [D.E. 10 at 13]. Defendant states that the May 6, 2009 Notice of Acceleration was rescinded, because Plaintiff made a payment in April of 2010 which was applied to his account by Chase. *See* Def.'s Br. [D.E. 10 at 7-8]; Def.'s Ex. [D.E. 11-1 at 66]. However, Defendant contends that another notice of default was sent to Plaintiff on March 31, 2011, because Plaintiff failed to make any more payments after April of 2010. *See* Def.'s Br. [D.E. 10 at 8]; Def.'s Ex. [D.E. 11-1 at 79-82]. "Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566-67 (Tex. 2001) (citations omitted). Here, Defendant points to evidence showing that Chase accepted and applied a payment after the alleged 2008 acceleration. Def.'s Br. [D.E. 10 at 13]; Def.'s Ex. [D.E. 11-1 at 66]. Further, Defendant points to Plaintiff's affidavit wherein Plaintiff states that he made payments to Chase in April, May and June of 2010. Def.'s Ex. [D.E. 11-4 at 29]. Thus, Defendant has shown that any acceleration prior to Plaintiff's payment in 2010 has been abandoned. However, Plaintiff failed to file a response to controvert this showing. Therefore, Plaintiff failed to meet his burden regarding accrual of Defendant's cause of action.

Defendant argues that Plaintiff's limitation claim still fails even if Plaintiff was able to show accrual prior to 2010, because a six year limitation period governs the foreclosure of the Property due to the fact that Chase purchased the loan from a FDIC receivership. *See* Def.'s Br. [D.E. 10 at 14]; Def.'s App. [D.E. 11-1 at 28]. Defendant points out that Plaintiff initially obtained his loan from Long Beach Mortgage Company ("Long Beach") on November 22, 2005. *See* Def.'s Br. [D.E. 10 at 6]; Def.'s Ex. [D.E. 11-1 at 5-10]. Long Beach was then purchased by Washington Mutual Bank ("Washington Mutual") before Washington Mutual's assets were placed into a FDIC receivership.

5

*See* Def.'s Br. [D.E. 10 at 6]; Def.'s Ex. [D.E. 11-1 at 28]. Title 12, United States Code, Section 1821(d)(14) states:

> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be-(i) in the case of any contract claim, the longer of-(I) the 6-year period beginning on the date the claim accrues; or (II) the period applicable under State law . . . .

12 U.S.C. § 1821(d)(14). The "FDIC's successors in interest are entitled to the benefits of section 1821(d)(14) pursuant to the common law maxim that '[a]n assignee stands in the shoes of his assignor.'" *Jackson v. Thweatt*, 883 S.W.2d 171, 174 (Tex. 1994).

> The FDIC, as possessor of this right, may transfer it incident to the asset to which the limitations period relates. Thus, while the statute alone might not vest any rights in transferees, the statute combined with the common law of assignment does. As the Fifth Circuit noted in *Bledsoe*, "[a]s the statute at hand is silent as to the rights of assignees, we turn to the common law to fill the gap." . . . Pursuant to federal common law, the limitations provision of 12 U.S.C. § 1821(d)(14) applies to actions brought by purchasers of assets from the FDIC.

*Id.* at 175-76 (citing *FDIC v. Bledsoe*, 989 F.2d 805, 810 (5th Cir. 1993)). Therefore, a six year statute of limitation applies to Plaintiff's loan given Chase's purchase from the FDIC. Defendant contends that the initial acceleration prior to the April 2010 abandonment occurred on May 6, 2009, as opposed to the spring of 2008 as Plaintiff alleges, and argues that even if an acceleration occurred prior to 2010 on May 6, 2009, the applicable six year statute of limitation would not have precluded the foreclosure of the Property. *See* Def.'s Br. [D.E. 10 at 7, 14]. In support of its argument, Defendant points to the May 6, 2009 Notice of Acceleration sent to Plaintiff. *See id.* [D.E. 10 at 7]; Def.'s App. [D.E. 11-1 at 44-47]. However, Plaintiff failed to respond and refer to evidence supporting his contention that acceleration took place in the spring of 2008. Therefore, Plaintiff failed to meet his burden of showing the applicability of the four year statute of limitations that he contends is applicable.

6

Defendant argues that Plaintiff's purported quiet title claim fails, because it is premised on Plaintiff's claim that the statute of limitations precludes the foreclosure sale of the Property. *See* Def.'s Br. [D.E. 10 at 15]. Defendant further argues that Plaintiff's purported quiet title claim also fails, because he has not and cannot plead the elements of such a claim. *See id.* [D.E. 10 at 15]. "A suit to quiet title-also known as a suit to remove cloud from title-is an equitable action that clears a valid title against a defendant's invalid claim to the property." *James v. Wells Fargo Bank, N.A.*, No. 3:11-CV-2228-B, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012) (citing *Bell v. Bank of America Home Loan Servicing*, No. 4:11-CV-2085, 2012 WL 568755, at*6 (S.D. Tex. Feb. 21, 2012); *Swim v. Bank of America, N.A.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *8 (N.D. Tex. Jan.20, 2012)). "In a suit to quiet title, a plaintiff must allege a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Summers v. PennyMac Corp.*, No. 3:12-CV-1235-L, 2012 WL 5944943, at *3 (N.D. Tex. Nov. 28, 2012) (internal quotation and citation omitted). "The plaintiff has the burden ultimately of establishing his superior equity and right to relief. . . . Thus, like a trespass to try title action, a plaintiff in a suit to quiet title must base his action on the strength of his own title." *Id.* (internal quotation and citations omitted). As Defendant contends, Plaintiff's purported quiet title claim fails, because, other than his flawed limitations argument, Plaintiff has not alleged any facts to suggest that he holds superior title to the Property. Def.'s Br. [D.E. 10 at 15]. Further, Plaintiff has failed to file a response and meet his summary judgment burden with respect to his purported quiet title claim.

In sum, because Plaintiff has wholly failed to meet his summary judgment burden with respect to his alleged claims, Defendant's summary judgment motion should be granted.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendant's Motion for Summary Judgment [D.E. 9].

**SO RECOMMENDED**, this 25th day of November, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).